1  Jeffrey I. Hasson, WSBA#23741
   Davenport & Hasson, LLP
2  hasson@dhlaw.biz
   12707 NE Halsey St.
3  Portland, OR 97230
   Phone: (503) 255-5352
4  Facsimile: (503) 255-6124
   Attorney for Defendant
5  Professional Recovery Services, Inc. (PRS)

6

7

8              IN THE UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF WASHINGTON
10

| MARLA CASTLEMAN, | Case No. CV-10-280-JLQ |
|---|---|
| Plaintiff, | MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY SERVICES' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| PROFESSIONAL RECOVERY SERVICES, INC., | |
| Defendant. | |

16   **1.    Summary of Argument**

17        Defendant Professional Recovery Service, Inc. (PRS) is entitled to summary

18   judgment because Plaintiff cannot prove any claim for relief against them.

19        Alternatively, if any violation of the FDCPA occurred, it was unintentional,

20   and resulted from a bona fide error notwithstanding procedures to avoid the error.

21   **2.    Points and Authorities**

22        **a.    Background.**

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 1
Case No. CV-10-280-JLQ

1    PRS is a collection agency.

2    Resurgent Capital Services LP (Resurgent) is a debt buyer.

3    Citicorp Credit Services Inc. (Citicorp) was the debt seller.

4    The Palmer Firm, PC (Palmer Firm) is an attorney firm located in Rancho

5    Cucumunga, California.  It does debt management for debtors.

6    On or about 5/21/09, PRS was assigned an account against Marla Castleman

7    (Castleman) by Resurgent based on a purchased credit card debt in the sum of

8    $1,622.90.  The last payment date was indicated to be 9/26/08, and the last

9    payment amount was indicated to be $1,095.63.  The debt was incurred on a Sears

10   Mastercard which was managed by Citicorp.

11   On or about 5/21/09, a demand letter was sent to Castleman by PRS with the

12   disclosures required under the Fair Debt Collection Practices Act, 15 USC §

13   1692g.  There was no written response to this demand letter at any time.

14   On or about 6/6/09, Castleman called PRS.  Castleman indicated to PRS that

15   her account had been settled by Palmer Firm.  She gave a phone number for

16   Palmer Firm of (800) 560-8520.  This was the only communication with

17   Castleman.

18   PRS was initially unsuccessful in reaching Palmer Firm on 7/23/09 and

19   7/30/09.

20   On or about 8/24/09, PRS communicated with Palmer Firm.  The Palmer

21   Firm said they needed a letter from PRS showing the Palmer Firm that PRS had the

22   account.  PRS faxed the letter attached to the complaint as Exhibit C to the Palmer

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 2
Case No. CV-10-280-JLQ

1    Firm at (909) 581-7317.  Exhibit C was never mailed to Castleman, and was not

2    sent to Castleman in any form except through the fax to the Palmer Firm.

3         On or about 8/31/09, PRS contacted the Palmer Firm, and the Palmer Firm

4    acknowledged receipt of the fax, and indicated they would be mailing PRS a letter.

5         On or about 9/11/09, PRS received information from the Palmer Firm that

6    showed that the account was settled on 9/24/08.  PRS canceled the account based

7    upon receipt of this information from the Palmer Firm.

8         On 8/23/10, Castleman filed this complaint against PRS.

9         On 10/26/10, the Court entered an Order requiring Plaintiff to file is final

10   witness list on or before 2/1/11 [Doc. 10].  The Court stated that "Only listed

11   witnesses may testify."

12        Plaintiff failed to file and serve a final witness list on or before 2/1/11.  As a

13   result, Plaintiff has no evidence of liability by PRS.

14        As a result, PRS is entitled to summary judgment based on Castleman's

15   failure to have any witnesses to prove Castleman's allegations.

16                    **b.      Preliminary statement about the FDCPA.**

17        The purpose of the FDCPA is "… to eliminate abusive debt collection

18   practices by debt collectors, to insure that those debt collectors who refrain from

19   using abusive debt collection practices are not competitively disadvantaged, and to

20   promote consistent State action to protect consumers against debt collection

21   abuses."  15 USC § 1692 (e).

22

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 3
Case No. CV-10-280-JLQ

1    The purpose of the FDCPA, to provide information that helps consumers to

2    choose intelligently, would not be furthered by creating liability as to immaterial

3    information because by definition immaterial information neither contributes to

4    that objective (if the statement is correct) nor undermines it (if the statement is

5    incorrect). *Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th.Cir. 2010).*

         A complaint for violation of the FDCPA must be commenced within one

6    year of the date of the violation.  15 USC § 1692k (d).

7        Communications directed only to a debtor's attorney, and unaccompanied by

8    any threat to contact the debtor, are not actionable under the Act.  *Guerrero v. RJM

9    Acquistions LLC, 499 F.3d 926, 936 (9th Cit. 2007)*; See accord *Medialdea v. Law

     Office of Evan L. Loeffler PLLC, 2009 US Dist. LEXIS 93054 (W.D.Wash. 2009).*

10       The only communication with Castleman within one year of the date of the

11   alleged violation was the letter faxed to the Palmer Firm on 8/24/09.  This letter

12   (without the cover sheet) is attached to the complaint as Exhibit C.

13   **c.    Allegation made in Paragraph 11 (a) of the Plaintiff's Amended**

14   **Complaint [Doc. 5].**

15   (a) Communication with the consumer generally
     Without the prior consent of the consumer given directly to the debt
16   collector or the express permission of a court of competent
     jurisdiction, a debt collector may not communicate with a consumer in
17   connection with the collection of any debt - …
      (2) if the debt collector knows the consumer is represented by an
18   attorney with respect to such debt and has knowledge of, or can
     readily ascertain, such attorney's name and address, unless the
19   attorney fails to respond within a reasonable period of time to a
     communication from the debt collector or unless the attorney consents
20   to direct communication with the consumer; … 15 USC § 1692c
     (a)(2).

21

22

1    The only communication with the consumer within the FDCPA statute of

2    limitations was a communication to Castleman's attorney, the Palmer Firm, on

3    8/24/09.

4    PRS never spoke to Castleman after 6/6/09, and the case was filed on

5    8/23/10.

6    Further, PRS did not "know" that Castleman was represented by an attorney

7    when PRS contacted Castleman on 6/6/09.  Castleman informed PRS of the Palmer

8    Firm's representation on 6/6/09.

9    As a result, PRS is entitled to summary judgment dismissing Castleman's

10   claim in paragraph 11 (a).

11   **d.    Allegation made in Paragraph 11 (b) of the Plaintiff's Amended**

12   **Complaint [Doc. 5].**

13   A debt collector may not use any false, deceptive, or misleading

14   representation or means in connection with the collection of any debt.  …  15 USC

     § 1692e.

15   A false and misleading representation includes the false representation of the

16   character, amount, or legal status of any debt.  15 USC § 1692e (2)(A).

17   A false or misleading statement is not actionable under § 1692e unless it is

18   material.  Materiality is defined as "if a statement would not mislead the

19   unsophisticated consumer, it does not violate the [Act]—even if it is false in some

     technical sense." *Donohue v. Quick Collect, Inc., 592 F.3d at 1033.*

20   Communications directed only to a debtor's attorney, and unaccompanied by

21   any threat to contact the debtor, are not actionable under the Act.  *Guerrero v. RJM*

22   *Acquistions LLC, 499 F.3d at 936.*

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 5
Case No. CV-10-280-JLQ

1    The letter sent to the Palmer Firm was sent only to the Palmer Firm, and

2    only at the request of the Palmer Firm to prove to the Palmer Firm that PRS was

3    the holder of the debt.

      There was no threat to contact the debtor.

4    Therefore, there is no cause of action under the FDCPA for the

5    communication with the Palmer Firm on 8/23/09 by PRS.

6    As a result, PRS is entitled to summary judgment dismissing Castleman's

7    claim in paragraph 11 (b).

8        **e.      Allegation made in Paragraph 11 (c) of the Plaintiff's Amended**

9                 **Complaint [Doc. 5].**

10   A debt collector may not use any false, deceptive, or misleading

11   representation or means in connection with the collection of any debt.  …  15 USC

12   § 1692e.

13   A false and misleading representation includes the false representation

14   of any services rendered or compensation which may be lawfully received

15   by any debt collector for the collection of a debt.  15 USC § 1692e (2)(B).

16   See the argument made in section 2d above.

      There is no cause of action under the FDCPA for the communication with

17   the Palmer Firm on 8/23/09 by PRS.

18   As a result, PRS is entitled to summary judgment dismissing Castleman's

19   claim in paragraph 11 (c).

20       **f.      Allegation made in Paragraph 11 (d) of the Plaintiff's Amended**

21                **Complaint [Doc. 5].**

22

1    A debt collector may not use any false, deceptive, or misleading

2    representation or means in connection with the collection of any debt. … 15 USC

3    § 1692e.

4    A false and misleading representation includes the treat to take any action

5    that cannot legally be taken or that is not intended to be taken.  15 USC § 1692e

6    (5).

7    See the argument made in section 2d above.

8    There is no cause of action under the FDCPA for the communication with

9    the Palmer Firm on 8/23/09 by PRS.

10    As a result, PRS is entitled to summary judgment dismissing Castleman's

11    claim in paragraph 11 (d).

12    **g.    Allegation made in Paragraph 11 (e) of the Plaintiff's Amended**
        **Complaint [Doc. 5].**

13    Sec. 1692g. Validation of debts –
14    (a) Notice of debt; contents
      Within five days after the initial communication with a consumer in
15    connection with the collection of any debt, a debt collector shall,
      unless the following information is contained in the initial
16    communication or the consumer has paid the debt, send the consumer
      a written notice containing –
17    (1) the amount of the debt;
      (2) the name of the creditor to whom the debt is owed;
18    (3) a statement that unless the consumer, within thirty days after
19    receipt of the notice, disputes the validity of the debt, or any portion
      thereof, the debt will be assumed to be valid by the debt collector;

20

21

22

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 7
Case No. CV-10-280-JLQ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

***If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section*** that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-dayperiod may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Castleman obviously received PRS' first notice that was sent on 5/21/09 because Castleman called PRS on 6/6/09.

However, Castleman never communicated with PRS in writing.

Because Castleman did not dispute the debt ***in writing*** within 30 days of PRS' first notice to Castleman, PRS was never obligated to verify the debt under 15 USC § 1692g.

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY SERVICES' MOTION FOR SUMMARY JUDGMENT - 8
Case No. CV-10-280-JLQ

1    As a result, PRS is entitled to summary judgment dismissing Castleman's
2    claim in paragraph 11 (e).

3    **h.    Preliminary statement about the WCPA.**

4    To establish a claim under the Washington Consumer Protection Act, RCW
5    19.16.250 (WCPA), plaintiffs must prove five elements:

6    (1)    An unfair or deceptive act or practice;

7    (2)    Occurring in trade or commerce;

8    (3)    Public Interest Impact;

9    (4)    Injury to Plaintiffs' business or property; and

10    (5)    Causation.  <u>First State Insurance Company v. Kemper National</u>
11    <u>Insurance Company</u>, 94 Wash.App. 602, 608-9, 971 P.2d 953 (1999).

12    Damages for emotional distress are not recoverable for a violation of the
13    WCPA.  Damages for emotional distress are generally limited to claims for
14    intentional torts. <u>Johnson v. Cash Store</u>, 116 Wash.App. 833, 68 P.3d 1099 (2003).

15    Whether a particular action gives rise to a WCPA violation is a question of
16    law.  <u>First State Insurance Company v. Kemper National Insurance Company</u>, 94
17    Wash.App. at 609.

18    **i.    Allegation made in Paragraph 15 (a) of the Plaintiff's Amended**
19    **Complaint [Doc. 5].**

20    RCW 19.16.250 (11) states:

21    "No licensee or employee of a licensee shall: …

22

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 9
Case No. CV-10-280-JLQ

1    (11)  Communicate with the debtor after notification in writing from an

2  attorney representing the debtor that all further communication relative to a claim

3  should be addressed to the attorney: …"

4    "Licensee" means any person licensed under this chapter.  RCW 19.16.100

5  (9).

6    A violation requires a licensee.  The notice also must be to the licensee since

7  the prohibitions relate to the notice to the licensee.

8    PRS is a licensee.

9    PRS did not receive any communication in writing from the Palmer Firm

10  until 9/3/09.

11    PRS did not communicate with Castleman after 9/3/09.

12    As a result, there cannot be any violation of RCW 19.16.250 (11).

13    As a result, PRS is entitled to summary judgment dismissing Castleman's

14  claim in paragraph 15 (a).

15    **j.    Allegation made in Paragraph 15 (b) of the Plaintiff's Amended**

16      **Complaint [Doc. 5].**

17      No licensee or employee of a licensee shall:

18    (12)   Communicate with a debtor or anyone else in such a
       manner as to harass, intimidate, threaten, or embarrass a debtor,
19     including but not limited to communication at an unreasonable hour,
       with unreasonable frequency, by threats of force or violence, by
20     threats of criminal prosecution, and by sue of offensive language.  A
       communication shall be presumed to have been made for the purpose
21     of harassment if:
         (a)     It is made with a debtor or spouse in any form,
22     manner, or place, more than three times in a single week;
         (b)     It is made with a debtor at his or her place of

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 10
Case No. CV-10-280-JLQ

1    employment more than one time in a single week;
     (c)    It is made with the debtor or spouse at his or her place of
2    residence between the hours of 9:00 p.m. and 7:30 a.m.  RCW
     19.16.250 (12).
3

4        PRS communicated with Castleman one time plus its first notice required by

5    the FDCPA.

6        The only communication pleaded in the complaint is the August 24, 2009

7    letter that was actually sent to the Palmer Firm [Doc. 5, ¶10].

8        There is no allegation of any repeated communications with Castleman in

9    the Complaint.

10       The one communication cannot constitute a repeated communication that

11   violates the WCPA.

12       As a result, there cannot be any violation of RCW 19.16.250 (12).

13       As a result, PRS is entitled to summary judgment dismissing Castleman's

14   claim in paragraph 15 (b).

15       **k.    Allegation made in Paragraph 15 (c) of the Plaintiff's Amended**

16           **Complaint [Doc. 5].**

17       No licensee or employee of a licensee shall:

18       (14)  Communicate with the debtor and represent or imply that the existing

19   obligation of the debtor may be or has been increased by the addition of attorney

20   fees, investigation fees, service fees, or any other fees or charges when in fact such

21   fees or charges may not legally be added to the existing obligation of such debtor.

22   RCW 19.16.250 (14).

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 11
Case No. CV-10-280-JLQ

1    The only communication pleaded in the complaint is the August 24, 2009

2    letter that was actually sent to the Palmer Firm [Doc. 5, ¶10].

3    None of the representations associated with RCW 19.16.250 (14) are in the

4    Complaint, or in Exhibit C [Doc. 5-1, Exhibit C].

5    As a result, there cannot be any violation of RCW 19.16.250 (14).

6    As a result, PRS is entitled to summary judgment dismissing Castleman's

7    claim in paragraph 15 (c).

8    **l.    Allegation made in Paragraph 15 (d) of the Plaintiff's Amended**

9    **Complaint [Doc. 5].**

10    No licensee or employee of a licensee shall:

11    (15) Threaten to take any action against the debtor which the licensee cannot

12    legally take at the time the threat is made.  RCW 19.16.250 (15).

13    The only communication pleaded in the complaint is the August 24, 2009

14    letter that was actually sent to the Palmer Firm [Doc. 5, ¶10].

15    None of the representations associated with RCW 19.16.250 (15) are in the

16    Complaint, or in Exhibit C [Doc. 5-1, Exhibit C].

17    As a result, there cannot be any violation of RCW 19.16.250 (15).

18    As a result, PRS is entitled to summary judgment dismissing Castleman's

19    claim in paragraph 15 (d).

20

21

22

1

**3.      Conclusion**

2

PRS is entitled to judgment as a matter of law against Castleman on

3

Castleman's claims against PRS.

4

DATED: <u>February 3, 2011.</u>

5

DAVENPORT & HASSON, LLP

6

<u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, WSBA#23741

7

Attorney for PRS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

MEMORANDUM IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY
SERVICES' MOTION FOR SUMMARY JUDGMENT - 13
Case No. CV-10-280-JLQ

1          Certificate of Service

2          I hereby certify that on February 3, 2011, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF System which will send notification

3   of such filing to the following:  Lisa Johnston-Porter, and I hereby certify that I
have mailed by United States Postal Service the document to the following non-

4   CM/ECF participants:  _____.

5                                    s/ Jeffrey I. Hasson
                                     Jeffrey I. Hasson, WSBA#23741

6                                    Attorney for PRS
                                     Davenport & Hasson, LLP

7                                    12707 NE Halsey St.
                                     Portland, OR 97230

8                                    Phone: (503) 255-5352
                                     Facsimile: (503) 255-6124

9                                    E-Mail: hasson@dhlaw.biz

10

11

12

13

14

15

16

17

18

19

20

21

22