Lisa Johnston-Porter, WSBA No. 31118
lisa@lrjplaw.com
**JOHNSTON PORTER LAW OFFICE PC**
16200 SW PACIFIC HWY, Suite H233
Tigard, Oregon 97224
TELEPHONE:  (503) 404-2552
FAX: (503) 296-2632
      Of attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARLA CASTLEMAN,                    ) | |
| )  | |
| )  | |
| Plaintiff,          ) | **Case No.: 2:10-CV-00280-JLQ** |
| )  | |
| )  | |
| vs.                  ) | PLAINTIFF'S OPPOSITION TO |
| )  | PROFESSIONAL RECOVERY |
| )  | SYSTEMS, INC.'s MOTION FOR |
| PROFESSIONAL RECOVERY           ) | SUMMARY JUDGMENT |
| SYSTEMS, INC.,         ) | |
| )  | |
| )  | |
| Defendants.        ) | |
| _____ ) | |

Plaintiff, Marla Castleman, by and through her counsel, hereby submits its

opposition to Defendant's motion for summary judgment.

### STATEMENT OF THE CASE

Plaintiff, Marla Castleman, (hereinafter Plaintiff), filed a suit in this court

against Defendants, Professional Recovery Systems, Inc. (hereinafter "PRS")

alleging that Defendant violated the FDCPA by attempting to collect a  debt that

had been previously settled.  PRS, in its Motion for Summary Judgment admits

that it did, in fact, attempt to collect a debt that had been previously settled.

After initial disclosures, and conducting no discovery PRS has brought this Summary Judgment Motion. The motion must be denied, as the evidence shows that there exists a dispute of material fact.

## I. UNDISPUTED FACTS

1. PRS was assigned a Sears account of Plaintiff's that had already been settled.

2. Despite the fact that the account had been previously settled, PRS demanded payment of the account on May 21, 2009. (PRS's MSJ pg 2)

3. Plaintiff notified PRS on June 6, 09 that the account had been settled through her attorneys, The Palmer Firm. (PRS's MSJ pg 2)

4. Despite nearly three months time to investigate Plaintiff's assertion that she had settled the account through her attorneys, PRS contacted Plaintiff, through her attorney for the purpose of collection of the settled debt. (PRS MSJ pg2).

5. PRS faxed to Plaintiff's attorney, a demand letter on August 24, 2009, she owed on a settled debt. (Complaint Ex. C)

## POINTS & AUTHORITIES

## A. THERE EXISTS A TRIABLE ISSUE OF MATERIAL FACT AS DEFENDANT DISPUTES THE EXISTENCE OF ANY AGREEMENT WITH CAPITAL ONE

The moving party bears the initial burden of establishing its right to judgment as a matter of law. All reasonable inferences from the evidence must be construed in favor of the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, <u>363 F.3d 916</u>, 922 (9th Cir. 2004).

The FDCPA is a strict liability statute that " makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.,* <u>531 F.3d 1002</u>, 1005 (9th Cir.2008).

PRS believes it should be excused from liability under the FDCPA because it "did not know" that Plaintiff was represented by an attorney and that the case had been settled. However, the FDCPA is clear that not knowing or unintentional violations of the statute is no basis for an excuse of its violation.

PRS alleges that because the only communication made during the applicable statute of limitations was to Plaintiff's attorney. There is nothing in the text of the FDCPA to indicate that attorneys representing debtors are excluded from the class of third parties to whom a debt collector may not make a false, deceptive, or misleading representation. To the contrary, § 1692c(a) specifically provides that, where a debtor is represented by an attorney, the debt collector shall direct all "communication" to the attorney, absent permission to communicate directly with the debtor. A proper reading of the text therefore dictates that § 1692e, which regulates categorically the contents of communications by the debt collector, covers the "communication" to the debtor's attorney described in § 1692c(a)(2). *See Guerrero v. RLM Acquisitions LLC,* 449 F3d 926 (9th Cir. 2007) *citing. Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) ("[T]he normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning.") (internal quotation marks and citation omitted).

In *Guerrero,* the court recognized a limited exception to this rule in that communications **targeted only to a debtor's attorney** are not actionable under the FDCPA. 499 F.3d at 935-36. The court concluded that a letter targeted directly "to counsel, and not to his client—'the consumer'— was not a prohibited collection effort." *Id.* at 934. In this case, however, *Guerrero* is inapplicable. The offensive letter in Exhibit C to Plaintiff's complaint, sent to Plaintiff's attorney **was**

**addressed to and targeted at** Plaintiff, regardless of whether it was sent to Plaintiff or not.

PRS's FDCPA violation was not unintentional or a result of a bona fide error, they nearly three months to investigate Plaintiff's assertion that the debt was settled in full by her attorneys, yet elected to send a letter, targeted at Plaintiff to her counsel as a direct attempt to collect a settled debt.  Such communications are in direct violation of 15 USC § c(a)(2), 15 USC § e in which PRS should be held strictly liable.

The analysis of this court will be focused on whether PRS's investigation and validation of the debt, and its intent when targeting Plaintiff in its demand of 5/21/09 and intent to target Plaintiff in its letter to her of August 24, 2009.  These are material issues of fact for a jury to decide. Accordingly, plaintiffs' motion for summary judgment must be denied as there exist triable issues of material fact.

DATED: February 24, 2011.

JOHNSTON PORTER LAW OFFICE P.C.

By:  __*s/Lisa R. J. Porter*_____
           LISA R. J. PORTER, WSBA 31118
           Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I served the **PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on the following named persons on the date indicated below by:

| ☐ | mailing with postage prepaid | ☐ | hand delivery |
| x | CM/ECF System | ☐ | overnight delivery |

to said persons at their last known address(es) indicated below:

Jeffrey I Hasson
Davenport & Hasson LLP
12707 NE Halsey St
Portland, OR 97230
hasson@dhlaw.biz

Dated this 24th Day of February, 2011.

JOHNSTON PORTER LAW OFFICE P.C.

By:  _s/Lisa R. J> Porter_
LISA R. J. PORTER, WSBA 31118
Attorney for Plaintiff